FILED

AUG - 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT J. WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>THE FEDERAL BUREAU OF PRISONS, WARDEN B.G. COMPTON, UNITED STATES PENITENTIARY AT LOMPOC, CALIFORNIA,<br><br>    Respondents.<br>_____/ | NO. C 07-2999 CW<br>CR04-40175 CW<br><br>NO. C-07-3000 CW<br>CR04-40059 CW<br><br>ORDER VACATING JULY 16, 2007 ORDER, DISMISSING CASE NUMBER C 07-3000 CW AS DUPLICATIVE AND TRANSFERRING CASE NUMBER C 07-2999 CW TO CENTRAL DISTRICT OF CALIFORNIA |

    On June 12, 2007. Petitioner Lamont J. Williams, a federal prisoner currently incarcerated at United States Penitentiary at Lompoc, California, filed, in two criminal cases, the same motion titled "Motion for Petition of Writ of Habeas Corpus." On July 16, 2007, the Court issued an Order to Show Cause in which it construed Petitioner's filings as two motions under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentences and two civil case numbers were assigned.

    On July 26, 2007, in the same two criminal cases, Petitioner filed an "Amended Petition for Writ of Habeas Corpus Filed Under Authority of Title 28 U.S.C. § 2241(a)." In his Amended Petitions,

Petitioner states that the Court erred in construing his previous filing as arising under 28 U.S.C. § 2255 because he does not challenge or seek to vacate his sentences. Instead, he seeks to "correct the Federal Bureau of Prisons in its interpretation of 18 U.S.C. § 3621(e)(2)(B)," which has precluded Petitioner from eligibility for the Residential Drug and Alcohol Treatment Program (RDAP) so that he cannot earn good time or early release credits.

DISCUSSION

Review of the execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (presentence time credit claim).

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Court has interpreted the "within their respective jurisdictions" language of § 2241 to mean nothing more than that the court issuing the writ must have jurisdiction over the custodian. Rumsfeld v. Padilla, 542 U.S. 426, 440-42 (2004).

Although a court may have jurisdiction to hear a petition, "venue considerations may, and frequently will, argue in favor of adjudication of the habeas claim in the jurisdiction where the habeas petitioner is confined." Chatman-Bey v. Thornburgh, 864 F.2d 804, 813 (D.C. Cir. 1988); see also McCoy v. United States Bd. of Parole, 537 F.2d 962, 966 (8th Cir. 1976) ("Once the custodian of the petitioner is properly served, the question is no

2

longer jurisdictional, but one of the most convenient forum for litigation."). Transfer of a petition to another district court may therefore be in order on grounds of convenience. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 499 n.15 (1973); McCoy, 537 F.2d at 966.

Federal courts generally take the position that the district of confinement "is normally the forum most convenient to the parties," and therefore exercise discretion in transferring petitions to the district of confinement "in the interests of justice" pursuant 28 U.S.C. § 1404(a). Id.; see also Dunne v. Henman, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even where district court has personal jurisdiction over custodian, preferred forum is district where petitioner is confined). This practice is supported by the fact that a prisoner's records follow him to the place of incarceration and in that it promotes uniformity in the filing of § 2241 petitions. Allowing prisoners in California to challenge the execution of their federal sentences in any of the four district courts within the state, because they all have personal jurisdiction over any California custodian, would be inefficient. A transfer to the district of confinement on convenient forum grounds is therefore preferable as long as no undue delay is created. Chatman-Bey, 864 F.2d at 814 ("Delay is undesirable in all aspects of our justice system, but it is especially to be avoided in the sensitive context of habeas corpus."). Had the motions been brought under 28 U.S.C. § 2255 to attack the validity of the sentences imposed, they would have been

3

properly filed in this district, as the district of conviction.

The Bureau of Prisons (BOP) is required to provide every federal prisoner with a substance abuse problem an opportunity to participate in a treatment program while in custody. See 18 U.S.C. § 3621(b),(e). In order to encourage prisoners to seek treatment, § 3621(e)(2)(B) gives the BOP authority to reduce, by up to one year, the sentence of prisoners "convicted of a nonviolent offense" who successfully complete a treatment program. Pursuant to these provisions, the BOP offers a 500-hour comprehensive substance abuse treatment program. Cort v. Crabtree, 113 F.3d 1081, 1082 (9th Cir. 1997).

Petitioner claims that Respondents violated his statutory and constitutional due process rights to access and participate in programs created to reduce non-violent offenders' sentences by up to one calendar year. Petitioner claims that Respondents did this by misinforming him that he was ineligible for the one-year reduction because he had been convicted of a violent crime, when, in fact, he had been convicted of a non-violent crime. Petitioner claims that Respondents have maintained "a program of disinformation to discourage prisoners whom [sic] are otherwise eligible for early release at the completion of the RDAP, simply by discouraging them from ever enrolling and entering the program."

Liberally construed, Petitioner's allegations state a colorable claim under § 2241. However, the two petitions are duplicative of each other. Therefore, the petition filed as case number C 07-3000 CW is dismissed as duplicative.

4

Petitioner is incarcerated in the United States Penitentiary at Lompoc, California, which is located in the Central District of California. His petitions have just been filed and thus transferring his claim to the Central District of California on convenient forum grounds will not cause undue delay.

CONCLUSION

For the foregoing reasons and for good cause shown,

1. The July 16, 2007 Order to Show Cause is vacated.

2. Case Number C 07-3000 CW is dismissed as duplicative. Judgment shall enter and each party shall bear his own costs.

3. Case Number C 07-2999 CW is transferred to the United States District Court for the Central District of California, the district of Petitioner's confinement.

IT IS SO ORDERED.

Dated: AUG - 8 2007

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

Copies mailed to parties
noted on attached sheet

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Lamont J. Williams,

        Plaintiff,

v.

Federal Bureau of Prisons,

        Defendant.
_____/

Case Number: CV07-03000 CW
CV07-02999 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 8, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lamont J. Williams 97526-011
USP-Lompoc
3901 Klein Blvd., L-Unit/E2
Lompoc, CA 93436

**George L. Bevan, Jr.**
United States Attorney's Office
Oakland
1301 Clay Street, Suite 340S
Oakland, CA 94612

Dated: August 8, 2007

                                          Richard W. Wieking, Clerk
                                          By: Sheilah Cahill, Deputy Clerk